```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF IOWA
                       WESTERN DIVISION

SARAH THACKER,                    )
                                  )    No. 1:04-cv-10039-REL-RAW
         Plaintiff,               )
                                  )
vs.                               )    RULING ON DEFENDANT'S
                                  )    MOTION TO COMPEL
RISEN SON CHRISTIAN VILLAGE,      )    DISCOVERY
                                  )
         Defendant.               )
```

The above resisted motion [16] is before the Court. It is fully submitted on the motion papers. LR 7.1(c).

The motion raises two issues. In its request for production of documents Risen Son asked Thacker to execute a "HIPAA"[1] medical release in a form adopted by the Iowa State Bar Association. The release would have authorized not only the release of medical records to defense counsel, but also *ex parte* consultation between medical providers and defense counsel. In addition the release would have specifically authorized the disclosure of mental health, substance abuse treatment or AIDS-related information to defense counsel. Thacker objected, but said she would sign the authorization to release medical records, though not for consultation or the release of mental health, substance abuse, or AIDS-related information. The present motion seeks an order requiring Thacker to execute a release authorizing consultation and disclosure of the objected-to information.

---

[1] The Health Insurance Portability and Accountability Act of 1996. Pub. L. 104-191, 110 Stat. 1936 (Aug. 21, 1996).

Consultation with Medical Providers

Thacker has brought claims under the Family Medical Leave Act (FMLA), Title VII, and the Americans with Disabilities Act (ADA). She has also brought pendent claims under the look-alike provisions of the Iowa Civil Rights Act (ICRA) and for common law wrongful termination. For damages she claims, among other things, "past, present, and future pain and suffering" which, from the motion papers, appears to include a claim for emotional distress damages.

By claiming emotional distress damages Thacker has undoubtedly waived, at least to an extent, her state law physician-patient privilege. Waiver, however, is not the point on the which resolution of the consultation issue turns. The federal claims predominate in this action and accordingly the federal common law of privilege applies. Fed. R. Evid. 501. There is no federal common law physician-patient privilege, though "federal courts recognize that patients have an interest in the privacy of their medical records. " In re Grand Jury Subpoena, 197 F. Supp. 2d 512, 514 (E.D. Va. 2002).[2] The enactment of HIPAA reflects a congressional recognition of the importance of protecting the privacy of health care information. See South Carolina Med. Ass'n v. Thompson, 327 F.3d 346, 348 (4th Cir.), cert. denied, 540 U.S. 981 (2003).

---

[2] The U.S. Supreme Court has recognized a "psychotherapist-patient privilege." Jaffee v. Redmond, 518 U.S. 1, 15 (1996).

Rather, the question is whether by motion to compel under Fed. R. Civ. P. 37 a plaintiff whose physical or mental health condition is in issue can be compelled to execute a release authorizing opposing counsel to engage in *ex parte* consultation with plaintiff's physicians.

Iowa law provides that a state court may compel a plaintiff who puts her physical or mental condition in issue to execute a patient waiver not only for medical records but to "require a physician or surgeon, physician assistant, advanced registered nurse practitioner, or mental health professional to . . . [c]onsult with the attorney for the adverse party prior to providing testimony regarding the plaintiff's medical history and the condition alleged. . . ." Iowa Code § 622.10(3)(a),(b). There is no counterpart in federal law or procedure of which this Court is aware.

The request for the release was made in a Fed. R. Civ. P. 34 request for production of documents. A Fed. R. Civ. P. 37(a)(2)(B) motion to compel to enforce the request would be appropriate only if Thacker "fail[ed] to respond that inspection will be permitted as requested or fail[ed] to permit inspection as requested. . . ." Rule 34 pertains to the production, inspection and copying of designated documents or tangible things, and entry upon land for the purpose of inspection. It does not by its terms require a party to create or execute documents at the request of an

opponent. Nonetheless, because patients are normally entitled to access to their medical records, medical records are considered to be in the custody or control of the patient for the purposes of Rule 34. In appropriate cases the court may direct compliance with Rule 34 by execution of a release to enable an adverse party to obtain medical records.

It is a different matter entirely, however, to require a party to execute a release which authorizes the opponent to consult directly with the party's physicians. Such a request is simply not a request to produce, inspect or copy records within the ambit of Rule 34.

In refusing to execute a release to enable defense counsel to engage in *ex parte* conferences with her medical providers, Thacker has not failed to permit inspection or copying within the scope of Rule 34, nor has she otherwise failed to make disclosure or cooperate in discovery in any other manner required by the Federal Rules of Civil Procedure. It follows there is no basis for a Rule 37 order compelling discovery.

There are not many reported cases, but what there are indicate the lower federal courts have disagreed about *ex parte* interviews with treating physicians. Filz v. Mayo Foundation, 136 F.R.D. 165, 170 (D. Minn. 1991). The district court in the District of Kansas apparently "follow[s] the practice of allowing *ex parte* interviews of treating physicians who are not listed as expert

4

witnesses." Lake v. Steeves, 161 F.R.D. 441, 442 (D. Kan. 1994). In Lake the court granted a "motion for an order granting *ex parte* interviews with treating physicians." Id. at 441. Subject to informing treating physicians of their right to decline to be interviewed, the court ordered that counsel "may conduct *ex parte*, or private interviews with treating physicians who are not listed as expert witnesses." Id. at 443. The court did not issue an order compelling the plaintiff to authorize such contact, nor was the court asked to issue an order compelling discovery.

In Thomsen v. Mayo Foundation, 1986 WL 9159 (D. Minn. 1986), Judge Rosenbaum held that "[i]n the absence of any Congressionally expressed concern that physicians be treated in any manner differently than other non-party witnesses" a defendant in a medical malpractice action was entitled to compel plaintiff to execute a consent form to permit defense counsel to contact the plaintiff's physicians. See Filz, 136 F.R.D. at 175 (same). More recently, however, Judge Doty of the same court distinguished and declined to follow Thomsen. "'[T]he practice of engaging in private conversations with plaintiff's physicians is not contemplated by the [federal] rules' and this Court declines to sanction such a practice." In re Baycol Products Litigation, 219 F.R.D. 468, 473 (D. Minn. 2003)(quoting Weaver v. Mann, 90 F.R.D. 443, 445 (D.N.D. 1981)).

Whatever the benefits of informal discovery in this context, the Federal Rules of Civil Procedure are simply silent on the subject of *ex parte* interviews of physicians. The Court would be reluctant in any event to here require plaintiff to authorize the virtually unlimited right of consultation the release would allow. Thacker alleges so-called "garden variety" emotional distress, presumably general feelings of distress not associated with any specific mental or physical condition. The mere claim of emotional distress damages "does not give defendant *carte blanche* to peruse plaintiff's medical history." See <u>Gatewood v. Stone Container Corp.</u>, 170 F.R.D. 455, 460 (S.D. Iowa 1996).

The motion to compel is **denied** in this particular.

<u>Mental Health, Substance Abuse and AIDS-Related Information</u>

Emotional distress does not occur in a vacuum, nor is it neatly segmented in the human psyche. Many things can affect an individual's emotional health. Consequently, as a general matter "a defendant is entitled to discover whether there have been other stressors relating to plaintiff's mental and physical health during the relevant time period which may have contributed to the claimed emotional distress." <u>Gatewood</u>, 170 F.R.D. at 460. To outweigh the privacy interest involved, the information sought should be of a kind which would reasonably be expected to have an effect on a person's overall emotional state. The three items in question satisfy this standard. Many mental health disorders are directly

relevant to an assessment of emotional status. Substance abuse is often both a symptom and a cause of an underlying emotional issue. AIDS is a very serious and worrisome health condition for anyone afflicted by it or exposed to it. If it were the case Thacker was dealing with serious issues pertaining to her mental health, substance abuse or AIDS during the time she claims to have suffered emotional injury from her employment situation, that is something Risen Son ought to know about.

    The motion to compel is therefore granted as follows with respect to this part of the motion. Thacker shall obtain and produce all medical or mental health records pertaining to the diagnosis or treatment of mental health conditions, substance abuse evaluation and treatment, or AIDS-related conditions during the relevant time period.[3] Alternatively, she shall sign the release for defense counsel to obtain the same information. If upon review of the records plaintiff feels that the privacy interests in protecting against the disclosure of any specific record outweighs the relevancy of the information, the Court would, upon request, review any such record *in camera* to decide whether it should be disclosed, or issue a protective order to circumscribe disclosure. This ruling is without prejudice to any assertion of the

---

[3] Presumably the parties could agree on a relevant time period. The temporal aspects of the request for production are not addressed in the motion papers.

psychotherapist-patient privilege with respect to mental health records, which has not been addressed by the parties.

Motion to compel **granted in part and denied in part as above**. To the extent granted, Thacker shall produce the requested mental health, substance abuse, and AIDS-related records within thirty (30) days of the date hereof, or provide defense counsel with a release in appropriate form for counsel to obtain the records. No fees or expenses are taxed.

IT IS SO ORDERED.

Dated this 18th day of May, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE